Michael Jungreis
Bethany Pribila
HARTIG RHODES HOGE & LEKISCH
717 K Street
Anchorage, AK 99501
Telephone: 907-276-1592
Facsimile: 907-277-4352
E-Mail: federalcourt@hartig.com

Attorneys for Defendant
Fireweed Communications Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| WARNER BROS. DOMESTIC TELEVISION DISTRIBUTION, A division of WARNER BROS. TELEVISION DISTRIBUTION, INC. A Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>FIREWEED COMMUNICATIONS CORPORATION, an Alaska Corporation,<br><br>Defendant. | Case No. 3:06-00074-TMB<br><br>**ANSWER AND COUNTERCLAIMS (JURY TRIAL DEMAND)** |

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

Defendant hereby demands trial by jury on all issues so triable.

Defendant Fireweed Communications Corporation hereby responds to the allegations in the respective paragraphs of the complaint as follows (Note: because of the lack of clarity in the complaint as to the entity complaining, "Plaintiff" will refer to the Warner Brother entities collectively.)

1. Defendant assumes the plaintiff is alleged to be the corporation Warner Bros. Television Distribution Inc. This paragraph is denied for lack of knowledge.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted. (Plaintiff's second Paragraph 2 in Complaint)

7. Denied that a contract was entered into with Warner Bros. Television Distribution Inc. Admitted that the allegation is a vague description of an agreement defendant entered into with Time Warner Entertainment Company, L.P. (Plaintiff's second Paragraph 3 in Complaint)

8. Denied that a contract was entered into with Warner Bros. Television Distribution Inc. Admitted that the allegation is a vague description of an agreement defendant entered into with Time Warner Entertainment Company, L.P. (Plaintiff's second Paragraph 4 in Complaint)

9. Denied that a contract was entered into with Warner Bros. Television Distribution Inc. Admitted that the allegation is a vague description of an agreement defendant entered into with Time Warner Entertainment Company, L.P. (Plaintiff's second Paragraph 5 in Complaint)

10. Admitted that a pre-printed "Standard Terms and Conditions" form was attached to the end of each agreement that contained an acceleration provision and a cross-default provision. (Plaintiff's Paragraph 6 in Complaint)

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

11. Denied. (Plaintiff's Paragraph 7 in Complaint)

12. Denied. (Plaintiff's Paragraph 8 in Complaint)

13. Admitted that Warner Bros. Domestic Television Distribution suspended delivery of episodes under the Friends Agreement. Admitted that Warner Bros. Domestic Television Distribution purportedly terminated the Friends 2nd Cycle Agreement. Denied that plaintiff had right to declare amounts owed under Friends Agreement and Friends 2nd Cycle Agreement immediately due and payable. Denied that defendant owes any money. Denied for lack of knowledge that plaintiff resold the Friends 2nd Cycle broadcast rights. (Plaintiff's Paragraph 9 in Complaint)

14. Denied. (Plaintiff's Paragraph 10 in Complaint)

15. Denied. (Plaintiff's Paragraph 11 in Complaint)

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Plaintiff is not the real party in interest.

3. Plaintiff's failure to substantially comply with its duties under the contract by billing defendant two to three times the amount due excused defendant's performance.

4. Plaintiff's violation of the covenant of good faith and fair dealing excused defendant's performance.

5. Defendant accepted the Agreements under duress caused by plaintiff's coercive actions and such duress excused defendant's performance.

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

6.  The terms of the Agreements were unconscionable, and, because there was gross disparity in bargaining power and grossly unfair terms such unconscionability excused defendant's performance.

7.  Plaintiff's violation of the Friends and/or the Drew Carey Agreements excused defendant's performance.

8.  Defendant's performance is excused because performance of the contracts was commercially impracticable.

9.  The extended terms contracts are unenforceable for failure of consideration, or in the alternative plaintiff failed to supply original term episodes timely and substituted extended term episodes, a violation of its duties under the contract.

10. The acceleration provision is unenforceable under the applicable law.

11. The acceleration provision is an unenforceable forfeiture.

12. The contracts are unenforceable as unconscionable contracts of adhesion.

13. The contracts are unenforceable because they violated the federal and/or the applicable state antitrust laws.

14. The contracts are unenforceable because they violated the unfair trade practices act.

15. The contracts are unenforceable because they violated California's Business and Professions Code § 16604.

16. Plaintiff's complaint is barred by the doctrine of unclean hands.

17. The action is prevented in whole or in part by the applicable statute of limitations.

**HARTIG RHODES HOGE & LEKISCH, P.C.**
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE, ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

18. The suspension of delivery of the syndicated episodes was a substantial violation of the contracts and excused defendant's performance.

19. All counterclaims are offsets as recoupment to any damages that may be assessed against defendant.

## COUNTERCLAIMS

Defendant, through counsel, for its counterclaims against Plaintiff, hereby alleges as follows:

### Count I: Violation of Federal Antitrust Laws
### 15 U.S.C. §§ 1, 14

1. Defendant hereby incorporates by reference the allegations contained in the Answer.

2. Plaintiff has been and continues to be among the world's largest and most well-known distributors of syndicated television programming for broadcast on television.

3. The Friends series, owned and licensed exclusively by Plaintiff, possesses sufficient copyright desirability to confer on Plaintiff sufficient market power to inflict the undesirable Drew Carey Show on defendant.

4. Acceptance by defendant of the Drew Carey Agreement was required by Plaintiff as a condition of Plaintiff's willingness to make a separate and distinct offer relating to the licensing of the Friends series to defendant.

5. The resulting agreements, the Drew Carey Agreement and the Friends Agreement, affected a substantial amount of commerce.

6. Plaintiff illegally tied the Drew Carey license to the Friends license in violation of federal antitrust laws.

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

7. In approximately 1999, Plaintiff developed a network ("WB 100+ Network") to sell to cable stations in markets smaller than the top 100 markets in the country.

8. For its WB 100+ Network Plaintiff licensed syndicated television programming from Warner Bros. Syndication and various other third party syndicators.

9. The contracts between Plaintiff and third party syndicators for the WB 100+ Network contained exclusivity clauses that prevented third party syndicators from selling any of their syndicated television programming to broadcast stations in the markets smaller than the top 100 television markets, irrespective of whether the WB 100+ Network was present in those markets.

10. Plaintiff did not sell the WB 100+ Network to any cable station in the Anchorage market until July 2004.

11. Prior to July 2004, and due entirely to their contracts with Plaintiff, third party syndicators could not license syndicated television programming to defendant based on the exclusivity clause in their contracts with Plaintiff, despite the fact that this programming was otherwise not available at all to viewers in Anchorage, and despite the fact that defendant was not competing with the WB 100+ network.

12. The exclusivity provisions of the contracts between Plaintiff and the third party syndicators was an illegal attempt to monopolize and/or an illegal combination in restraint of trade, which harmed defendant as well as its consumers, the Anchorage viewing public.

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

13. Defendant went directly to the President of Warner Bros. Syndication in order to purchase licenses for certain desirable television programming and was forced to pay a premium for such licenses.

14. Defendant was forced to purchase licenses for certain undesirable television programming from third party syndicators.

15. Defendant suffered damages from Plaintiff's illegal tying, monopolization and/or combination in restraint of trade, in losing otherwise available programming that would have enhanced its advertising revenue, its value as a station, its ratings in the Anchorage television station market, and its viewership; and in paying more than it otherwise would have to Plaintiff for syndicated programming, and in costs of the Drew Carey Show that it otherwise would not have purchased.

16. Defendant is entitled to treble its damages in an amount to be determined at trial.

### Count II: Violations of California Antitrust Laws
### Cal. Bus. & Prof. Code §§ 16720, 16726 and/or 16727

17. Defendant hereby incorporates by reference the allegations contained in the Answer and the allegations contained in paragraphs 1 through 16 of this Counterclaim.

18. Plaintiff's licensing of the tying product, the Friends series, to defendant was expressly linked to the licensing of the tied product, The Drew Carey Show series.

19. Plaintiff had sufficient economic power in the Friends series market to coerce defendant to purchase The Drew Carey Show. Defendant would not otherwise have purchased The Drew Carey Show.

**HARTIG RHODES HOGE & LEKISCH, P.C.**
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE, ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

20. The illegal tying agreement affected a substantial amount of sale in The Drew Carey Show. The total amount of licensing fees claimed by Plaintiff in The Drew Carey Agreement was $1500.00/week for the duration of the initial and extended terms.

21. Defendant sustained a pecuniary loss as a result of Plaintiff's unlawful acts. Defendant suffered damages because defendant was unable to secure television programming it otherwise would have selected that would have enhanced its advertising revenue, its value as a station, its ratings in the Anchorage television station market, and its viewership; defendant paid more than it otherwise would have paid for syndicated television programming; and defendant incurred the costs of The Drew Carey Show that it otherwise would not have purchased.

22. As a result of the foregoing, as well as the conduct alleged in Count I, defendant is entitled to treble its damages in an amount to be determined at trial plus attorney fees and costs.

### Count III: Violation of Alaska Antitrust Laws
### AS 45.50.566

23. Defendant hereby incorporates by reference the allegations contained in the Answer and the allegations contained in paragraphs 1 through 22 of this Counterclaim.

24. Defendant was injured by the tying agreement because defendant was forced to accept the undesirable Drew Carey Show and forced to air it during a time when Defendant would have chosen other programming. As a result, Defendant was forced to pay $1500.00/week for a program it did not want when it could have contracted with another distributor for a less expensive and more desirable program.

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

25. The tied Drew Carey Agreement, which injured defendant by limiting its bargaining power and opportunity to negotiate with Plaintiff's competitors, is the type of injury Alaska's antitrust law are intended to prevent.

26. Defendant's injury flows from Plaintiff's unlawful acts. Defendant suffered damages because defendant was unable to secure television programming it otherwise would have selected that would have enhanced its advertising revenue, its value as a station, its ratings in the Anchorage television station market, and its viewership; defendant paid more than it otherwise would have paid for syndicated television programming; and defendant incurred the costs of The Drew Carey Show that it otherwise would not have purchased.

27. As a result of the foregoing, as well as the conduct alleged in Count I, defendant is entitled to treble its damages in an amount to be determined at trial plus attorney fees and costs.

### Count IV: Breach of Contract

28. Defendant hereby incorporates by reference the allegations contained in the Answer and the allegations contained in paragraphs 1 through 27 of this Counterclaim.

29. The "Standard Terms and Conditions" attached to the Drew Carey Agreement, the Friends Agreement, and the Friends 2nd Cycle Agreement prohibited Plaintiff from licensing any episode to any cable television system operating within the specified zone of defendant's designated community in its market, during the license term of each respective agreement.

**HARTIG RHODES HOGE & LEKISCH, P.C.**
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE, ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

30. The Standard Terms and Conditions excluded from the said prohibition broadcasts and/or cablecasts of the Friends and The Drew Carey Show series on WTBS, an FCC licensed television station broadcasting in Atlanta, Georgia, whose broadcasts are also shown on cablecasts.

31. During the applicable contract period, plaintiff began permitting TBS Superstation, a cable television system, which is not a licensed television station, and which does not broadcast, and which is distinct from and entirely separate from WTBS, and which operated within the specified zone of defendant's designated community in its market, to cablecast Friends and/or The Drew Carey Show, during defendant's license term; which was a violation of the licensing agreements and which caused defendant damages.

32. During the applicable contract period, plaintiff began selling DVDs of the syndicated Friends and/or The Drew Carey Show episodes within the specified zone of defendant's designated community in its market; which was a violation of the licensing agreements and which caused defendant damages.

33. Defendant is entitled to damages for lost revenue in an amount to be proven at trial.

### Count V: Violation of California Unfair Practices Act
### Cal. Bus. & Prof. Code § 17000 et seq.

34. Defendant hereby incorporates by reference the allegations contained in the Answer and the allegations contained in paragraphs 1 through 33 of this Counterclaim.

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

35. Plaintiff engaged in improper billing practices by billing defendant for the extended term Friends, Friends 2nd Cycle and/or The Drew Carey Show series when Plaintiff had not made such additional episodes available to defendant.

36. By selling DVDs of the syndicated Friends and/or The Drew Carey Show episodes within the specified zone of defendant's designated community in its market, plaintiff destroyed the market value of the episodes, in violation of California's Unfair Practices Act, thus causing damages to defendant.

37. Defendant is entitled to those damages in an amount to be determined at trial plus attorney fees and costs.

### Count VII: Violation of Alaska Unfair Trade Practices Act
### AS 45.50.471 et seq.

38. Defendant hereby incorporates by reference the allegations contained in the Answer and the allegations contained in paragraphs 1 through 37 of this Counterclaim.

39. Plaintiff engaged in improper billing practices by billing defendant for the extended term Friends, Friends 2nd Cycle and/or The Drew Carey Show series when Plaintiff had not made such additional episodes available to defendant.

40. By selling DVDs of the syndicated Friends and/or The Drew Carey Show episodes within the specified zone of defendant's designated community in its market, Plaintiff destroyed the market value of the episodes, in violation of Alaska's Unfair Trade Practices Act, thus causing damages to defendant.

41. Defendant is entitled to treble damages and attorney's fees and costs for Plaintiff's violation of Alaska's Unfair Trade Practices Act.

### Count VIII: Interference With Prospective Economic Advantage (California)

**HARTIG RHODES HOGE & LEKISCH, P.C.**
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE, ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

42. Defendant hereby incorporates by reference the allegations contained in the Answer and the allegations contained in paragraphs 1 through 41 of this Counterclaim.

43. Defendant had an economic relationship with the third party syndicators with the probability of future economic benefit to defendant.

44. Plaintiff knew of the relationship between defendant and third party syndicators.

45. Plaintiff intentionally inserted clauses into its contracts with third party syndicators to limit them from selling syndicated television programming to any party other than Plaintiff and Plaintiff intended such actions to disrupt the relationship between defendant and third party syndicators.

46. Plaintiff's actions did actually disrupt the relationship between defendant and third party syndicators as they never entered into a contract for the sale of syndicated television programming.

47. Defendant suffered economic harm as a result of Plaintiff's actions in an amount to be proven at trial.

### Count IX: Interference With Prospective Economic Advantage (Alaska)

48. Defendant hereby incorporates by reference the allegations contained in the Answer and the allegations contained in paragraphs 1 through 47 of this Counterclaim.

49. Defendant potentially would have contracted with third party syndicators had Plaintiffs not prohibited third party syndicators from selling their syndicated television programming to any parties other than Plaintiff.

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

50. Plaintiff knew that defendant would attempt to contract with third party syndicators for television programming and Plaintiff intended to prevent that contractual relationship.

51. Plaintiff did in fact prevent a contractual relationship from forming between defendant and third party syndicator.

52. Plaintiff's insertion of a contractual limitation in its contracts with third party syndicators limiting their capacity to sell television programming to any other buyers caused third party syndicators to refuse to contract with defendant for the sale of television programming during all relevant periods.

53. As a result of the contractual limitations Plaintiff imposed on third party syndicators, defendant was forced to contract with Plaintiff for the sale of television programming and pay a premium for that programming. Defendant was also forced to contract with third party syndicators for programming it would not otherwise have selected.

54. Plaintiff's actions were neither privileged nor justified.

55. Plaintiff acted with the improper motive of stifling competition and restraining trade.

56. Plaintiff's action caused defendant damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant hereby prays that judgment be awarded in its favor and against Plaintiff as follows:

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

    1.    Dismissing all claims of Plaintiff with prejudice.

    2.    For treble damages incurred by defendant as a result of Plaintiff's violations of federal and state antitrust laws;

    3.    For actual damages incurred by defendant as a result of Plaintiff's breach of contract including incidental and consequential damages;

    4.    For damages as permitted for Plaintiff's violation of California's Unfair Trade Practices Act;

    5.    For treble damages as permitted for Plaintiff's violation of Alaska's Unfair Trade Practices Act;

    6.    For damages incurred by defendant as a result of Plaintiff's interference with defendant's prospective economic advantage;

    7.    For attorney's fees and costs of suit; and

    8.    For such other and further relief as the Court deems appropriate and just.

DATED at Anchorage, Alaska this 11th day of May, 2006.

            By:   /s/ Bethany Pribila
            717 K Street
            Anchorage, AK 99501
            (907) 276-1592 telephone
            (907) 277-4352 facsimile
            federalcourt@hartig.com
            Alaska Bar No. 0405033

**HARTIG RHODES HOGE & LEKISCH, P.C.**
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE, ALASKA
99501-3397
TELEPHONE: (907) 276-1592
FAX: (907) 277-4352

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies a true
and exact copy of the foregoing was served
on the below-identified attorney
of record via e-filing on the 11th day of May, 2006:

Eric J. Jenkins
Davis Wright Tremaine LLP
701 W. 8th Avenue, Suite 800
Anchorage, AK  99501


  /s/ Bethany Pribila
Hartig Rhodes Hoge & Lekisch, P.C.

F:\Docs\100591\PLEADINGS\Answer FINAL.doc

**HARTIG RHODES
HOGE &
LEKISCH, P.C.**
**ATTORNEYS AT LAW**
**717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352**