Joseph L. Reece
Eric J. Jenkins
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, Alaska 99501
Telephone: (907) 257-5300
Facsimile: (907) 257-5399

Attorneys for Plaintiff
Warner Bros. Domestic Television Distribution

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| WARNER BROS. DOMESTIC TELEVISION DISTRIBUTION, a division of WARNER BROS. TELEVISION DISTRIBUTION INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>FIREWEED COMMUNICATIONS CORPORATION, an Alaska corporation,<br><br>    Defendant. | Case No. 3:06-cv-00074-TMB<br><br><u>SCHEDULING AND PLANNING CONFERENCE REPORT</u> |

1. Meeting. In accordance with Fed. R. Civ. P. 26(f), a meeting was held on August 8, 2007 and was attended by:

Eric Jenkins & Joseph Reece                    Attorneys for Plaintiff

Michael Jungreis                                        Attorney for Defendant

The parties recommend the following:

2. Pre-Discovery Disclosures. The information required by Fed. R. Civ. P. 26(a)(1):

Will be exchanged by the parties by September 17, 2007.

There are no proposed changes to the disclosure requirements.

Preliminary witness lists will be exchanged by October 15, 2007.

Expert witnesses shall be designated by December 3, 2007. Designation of rebuttal experts shall be made by January 2, 2008.

3. Contested Issues of Fact and Law. Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at the trial in this matter:

Liability and damages, including but not limited to: (1) the issues raised in this Court's July 18, 2007 order granting in part Plaintiff's motion to dismiss Defendant's counterclaims; (2) disputed issues of fact raised in the pleadings; and (3) each party's affirmative and other defenses.

4. Discovery Plan. The parties jointly propose to the court the following discovery plan.

A. Discovery will be needed on the disputed issues of fact and law identified in paragraph 3, above,

B. Disclosure or discovery of electronically stored information should be handled as follows: copies of word processing files such as contracts will be produced as electronic files as they have been stored. All other electronically stored information, including emails, shall be printed out and produced in paper format, or produced in PDF or TIFF formats.

C. The parties have agreed to an order regarding claims of privilege or of protection as trial material asserted after production as follows: any materials in which a party asserts a privilege (or that constitute attorney work product) that are inadvertently produced shall be returned to the disclosing party upon request. The party to whom the materials were inadvertently produced shall delete or otherwise destroy all copies of the inadvertently disclosed materials.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

SCHEDULING AND PLANNING CONFERENCE REPORT   2
*Warner Bros Domestic Television Distribution v. Fireweed Communications Corp.*
Case No. 3:06-cv-00074-TMB
ANC 88916v2 0040529-000005

     D.    All discovery shall be commenced in time to be completed by June 1, 2008 (the "discovery close date").

     E.    Limitations on Discovery.

          1.    Interrogatories.

               Maximum of 50 by each party to the other.

               Responses shall be due 45 days after service.

          2.    Requests for Admission.

               No change from Fed. R. Civ. P. 36(a)

               Responses shall be due 45 days after service.

          3.    Depositions.

               Maximum of 10 depositions by each party, plus any depositions of expert witnesses.

               Depositions shall not be longer than the time limits set forth in the Federal Rules of Civil Procedure.

          4.    Requests for Production.

               Responses shall be due 45 days after service.

          5.    Scope of Time for Discovery.

               Scope of time for discovery is limited from the time discussions began on the May 2000 contracts up to the date the complaint in this case was filed.

     F.    Reports from Retained Experts.

               Due not later than 90 days before the close of discovery subject to Fed. R. Civ. P. 26(a)(2)(C).

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

SCHEDULING AND PLANNING CONFERENCE REPORT   3
*Warner Bros Domestic Television Distribution v. Fireweed Communications Corp.*
Case No. 3:06-cv-00074-TMB
ANC 88916v2 0040529-000005

      G.    Supplementation of disclosures and discovery responses are to be made:

      As new information is acquired, but not later than 60 days before the close of discovery.

      H.    A final witness list, disclosing all expert witnesses whom a party may wish to call at trial, will be due:

      45 days prior to the close of discovery.

5.    Pretrial Motions.

      No changes to D. Ak. LR 16.1(c).

6.    Other Provisions:

      A.    The parties do not request a conference with the court before the entry of a scheduling order.

      B.    Alternative Dispute Resolution.

      The parties will file a request for alternative dispute resolution not later than October 1, 2007. The parties anticipate conducting mediation.

      C.    The parties do not consent to trial before a magistrate judge.

      D.    All parties have complied with the Disclosure Requirement of Fed. R. Civ. P. 7.1.

7.    Trial.

      A.    The matter will be ready for trial 45 days after this Court's ruling on any dispositive motions filed after the close of discovery.

      B.    This matter is expected to take 20 days to try.

      C.    Jury trial was demanded and the right to a jury trial is not disputed.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

SCHEDULING AND PLANNING CONFERENCE REPORT   4
*Warner Bros Domestic Television Distribution v. Fireweed Communications Corp.*
Case No. 3:06-cv-00074-TMB
ANC 88916v2 0040529-000005

DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiff

Dated: August 16, 2007       By:   s/ Eric J. Jenkins
                                    Eric J. Jenkins, ABA# 0011078
                                    Joseph L. Reece, ABA # 8111123
                                    701 W. 8th Ave., Suite 800
                                    Anchorage, AK  99501
                                    Phone: (907) 257-5300
                                    Fax: (907) 257-5399
                                    ericjenkins@dwt.com
                                    josephreece@dwt.com

HARTIG RHODES HOGE & LEKISCH
Attorneys for Defendant

Dated: August 16, 2007       By:   s/Michael Jungreis   (consent)
                                    Michael Jungreis, ABA #7711184
                                    717 K Street
                                    Anchorage, Alaska 99501
                                    Telephone: (907) 276-1592
                                    Facsimile: (907) 277-4352
                                    mj@hartig.com

Certificate of Service

The undersigned certifies that on August 16, 2007, a true and correct copy of the foregoing Scheduling and Planning Conference Report was served electronically on the following attorneys or parties of record:

 - Michael Jungreis

By: s/     Eric J. Jenkins

SCHEDULING AND PLANNING CONFERENCE REPORT   5
*Warner Bros Domestic Television Distribution v. Fireweed Communications Corp.*
Case No. 3:06-cv-00074-TMB

ANC 88916v2 0040529-000005