Joseph L. Reece
Eric J. Jenkins
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, Alaska 99501
Telephone:  (907) 257-5300
Facsimile:  (907) 257-5399

Attorneys for Plaintiff
Warner Bros. Domestic Television Distribution

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| WARNER BROS. DOMESTIC TELEVISION DISTRIBUTION, A division of WARNER BROS. TELEVISION DISTRIBUTION INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FIREWEED COMMUNICATIONS CORPORATION, an Alaska Corporation, <br><br> Defendants. | Case No. 3:06-cv-00074-TMB <br><br><br><br> MOTION TO ENFORCE SETTLEMENT AGREEMENT |

COMES NOW Warner Bros. Domestic Television Distribution ("Warner Bros."),

by and through its attorneys, Davis Wright Tremaine LLP, and moves the court to grant

Warner Bros.' motion to enforce a settlement agreement between Warner Bros. and

defendant Fireweed Communications Corporation ("Fireweed") reached on

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

September 27, 2007, during a mediation presided over by Judge Herbert Ross.

I.     Factual Background

On November 7, 2007, Warner Bros. and Fireweed participated in an all day mediation with Judge Herbert Ross.  At close of the mediation, the parties and their counsel went on the record to document their settlement agreement.  An official transcript of the settlement agreement was prepared.  A copy of the transcript is attached as Exhibit A.  All parties agreed to the terms of the settlement.  *Transcript of Settlement Agreement* at 10.  Further, the parties agreed to suspend trial preparations until the agreement was memorialized in writing, whereupon the case would be dismissed with prejudice.  *Id*. at 11.

The terms of the agreement are summarized below:

- Fireweed to pay $10,000 in cash by January 1, 2008.  *Id*. at 3.

- Fireweed to execute a note in the amount of $510,000, $310,000 of which would bear interest at four percent and $200,000 of which would not bear interest and would be waived in the event the interest-bearing portion is paid as agreed.  *Id*. at 3-4.

- $510,000 note to be secured by KYES' FCC license, any transmitter owned by the station, assignment of the tower release, and other property.  *Id*. at 4-5.

- Fireweed to provide financial statements to Warner Bros.  *Id*. at 5.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

In December 2007, Warner Bros. sent a package including a draft written Settlement Agreement to Fireweed and inquiring about the financial statements which had not yet been provided. Fireweed did eventually provide financial statements to Warner Bros., but did not comment on or return the signed settlement documents. Warner Bros.' counsel e-mailed counsel for Fireweed on January 11, 2008 about the settlement documents. There was no response. Warner Bros.' counsel left a telephone message with counsel for Fireweed on January 23. There was no response. Warner Bros.' counsel finally reached counsel for Fireweed by telephone on January 31, 2008. Counsel for Fireweed asked him to re-send the draft settlement documents, which was done by e-mail the same day. On February 7, counsel for Warner Bros. inquired about the settlement documents and Fireweed's counsel advised by e-mail that he would provide his comments the next day. On March 3, Fireweed's counsel advised by letter that he would respond after he returned to Anchorage on March 10. After receiving no response to telephone messages, counsel for Warner Bros. sent a letter on May 19 advising that Warner Bros. would have to go to the court if it received no response.

There was no response until June 6, when Fireweed's counsel finally sent a letter responding to the draft documents. Fireweed had two substantive objections to the Settlement Agreement. Fireweed objected to a reference to itself as "owner" of the FCC license rather than licensee, and objected that an FCC license could not lawfully be the subject of a security interest. A copy of the letter is attached as Exhibit H.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

Motion to Enforce Settlement Agreement - 3
*Warner Bros. v. Fireweed,* Case No. 3:06-cv-00074-TMB
DWT 11605989v3 0040529-000005

Responding to the objections, Warner Bros. revised the agreement to refer to Fireweed as the "licensee." On June 19, counsel for Warner Bros. sent revised documents and asked that they be promptly signed. With regard to the second objection, while recognizing that a security interest in an FCC license does not convey the same types of rights that a security interest in other property would convey, Warner Bros. pointed out that it had worded the security agreement to include the caveat "to the extent, and only to the extent, it is lawful to grant a security interest in such licenses, franchises, permits and authorizations." There are many instances of a secured creditor realizing on the proceeds from the transfer of an FCC license, and the description of the collateral includes proceeds. Warner Bros. also pointed out that Fireweed agreed to that Warner Bros. would have a security interest in the FCC license as collateral for the settlement agreement - an agreement that was put on the record. *Transcript of Settlement Agreement* at 4.

The revised documents were sent to Fireweed's counsel on June 19, 2008. A copy of the Settlement Agreement is attached as Exhibit B. Also included in the packet were: Promissory Note (attached as Exhibit C), Releases for each party (attached as Exhibit D), Confession of Judgment (attached as Exhibit E), Security Agreement (attached as Exhibit F), and Stipulation for Dismissal (attached as Exhibit G). A copy of the cover letter is attached as Exhibit I.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

On July 21, counsel for Warner Bros. sent a letter advising that he would be preparing a motion to enforce the settlement unless the documents were signed.  There has been no response.

II.    Law and Analysis

The power to implement a settlement agreement between parties is inherent "in the district court's role as supervisor of the litigation."  *Collins v. Educ. Therapy Ctr.*, 184 F.3d 617, 620 (7th Cir. 1999).  Indeed, settlement agreements are the predominant means of resolving federal litigation.  Morton Denlow, *Federal Jurisdiction in the Enforcement of Settlement Agreements:*  Kokkenen *Revisited*, 2003 Fed. Cts. L. Rev. 2, 22 (2003).

Parties to litigation are bound by settlement agreements under general contract law principles.  *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004) (citation omitted).  Further, parties are bound to oral settlement agreements even before they are reduced to writing.  *Doi v. Halekulani Corp.*, 276 F.3d 1131 (9th Cir. 2002).  "[T]he law will not imply the necessity of a writing simply because the parties clearly intend to memorialize their agreement later."  *Visiting Nurse Ass'n, St. Louis v. VNAHealthcare, Inc.*, 347 F.3d 1052, 1054-55 (8th Cir. 2003) (discussing that absent clear intent not to be bound, oral settlement agreements are enforceable and that the meaning of agreements do not need to be "completely crystalline" to be enforced).

The result is the same under Alaska common law as it is under federal common law.  *See Dickerson v. Williams*, 956 P.2d 458, 463-64 (Alaska 1998) (citation omitted).

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

1    In *Dickerson*, the Supreme Court of Alaska held that it is proper for courts to enforce

2    settlement agreements reached during litigation.  *See id*. at 64.  Moreover, similar to the

3    case at hand, *Dickerson* was a case involving an oral settlement agreement that was

4    documented by a settlement conference transcript and was later to be reduced to writing

5    and signed by the parties.  *Id*. at 63.

6

7        **A.  Fireweed and Warner Bros. documented the agreement on the record.**

8        Fireweed and Warner Bros. placed all material terms of the agreement on the

9    record and assented to them.  Although both parties agreed to memorialize the agreement

10    in a signed writing, they also stated that the recorded agreement resolved all claims and

11    that deadlines to the pending litigation would thus be waived.  *Transcript of Settlement*

12    *Agreement* at 10.  *See VNAHealthcare*, 347 F.3d at 1054 (stating that cancellation of a

13    pending hearing was evidence that agreement had been reached and the claim was

14    settled).

15

16        **B.  Neither party expressed reservation of right not to be bound in absence of**
            **signed writing.**

17        Fireweed expressed no reservation of right not to be bound in the absence of a

18    signed writing.  To the contrary, Fireweed highlighted the fact that the entire balance

19    owing had been agreed to; including what portion is excusable, the collateral involved,

20    and foreclosure terms. *Transcript of Settlement Agreement* at 6.  Indeed, Fireweed down-

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

 Motion to Enforce Settlement Agreement - 6
*Warner Bros. v. Fireweed,* Case No. 3:06-cv-00074-TMB
DWT 11605989v3 0040529-000005

played the significance of the remaining details to be addressed in the signed agreement. *Id.* ("… we may decide to divide this note into maybe two notes or some other way so long as they're covered by the security that is more efficient…"). In addition, Fireweed also affirmed that the settlement agreement resolved all claims between the parties. *Id.* at 10.

**C. Fireweed and Warner Bros. agreed to all material terms of the settlement.**

As previously stated, Fireweed noted the fact that the agreement covers the entire balance owing, the portion of the balance that is excusable, the security interest, and the terms under which Warner Bros. can proceed with foreclosure. *Id.* at 6. In addition, Fireweed affirmed that the settlement agreement resolved all claims between the parties. *Id.* at 10. Further, although the agreement was referred to as tentative, *Id.* at 2, 10, it is clear from the transcript that it was tentative only to the extent that Warner Bros. could revoke the agreement in the event that Fireweed's financial statements reflected a different financial condition than was represented to Warner Bros. during negotiations. *Id.* at 5. Thus, the agreement was contingent only upon Warner Bros.' acceptance of Fireweed's documentation regarding its financial condition. *See id.* at 2, 5.

III.     Conclusion

The parties should be bound to their settlement agreement as recorded on September 27, 2007, as is proper under federal court practices. Warner Bros. asks for an

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

order requiring Fireweed to execute the written settlement documents attached as Exhibit B-G, which have been modified to accommodate the only substantive objection made by Fireweed (other than its attempt to change the terms of the settlement agreement by eliminating the security interest in part of the promised collateral). Fireweed has not made the agreed payments beginning January 1, 2008. Provided all the delinquent payments are made within 20 days of the court's order, Warner Bros. will stipulate that Fireweed is not in breach of the settlement terms and is still eligible to receive the agreed $200,000 reduction in the settlement amount if it continues to perform in a timely manner.

Dated this 6th day of August, 2008.

s/      Joseph L. Reece
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
Telephone:  (907) 257-5300
Facsimile:  (907) 257-5399
E-mail:  josephreece@dwt.com

Certificate of Service

The undersigned certifies that on August 6, 2008, a true and correct copy of the foregoing Status Report was served Electronically on the following attorneys or parties of record:

 -  Michael Jungreis

           s/ Joseph L. Reece
By:  s/     Joseph L. Reece

 Motion to Enforce Settlement Agreement - 8
*Warner Bros. v. Fireweed,* Case No. 3:06-cv-00074-TMB
DWT 11605989v3 0040529-000005

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

1

2          Exhibit A - Transcript of Settlement Agreement

3
          Exhibit B - Settlement Agreement
4

5          Exhibit C - Promissory Note

6          Exhibit D - Releases

7          Exhibit E - Confession of Judgment

8
          Exhibit F - Security Agreement
9

10         Exhibit G - Stipulation of Dismissal

11         Exhibit H - Letter dated June 6, 2008 from Fireweed's counsel

12         Exhibit I - Letter dated June 19, 2008 to Fireweed's counsel

13

14

15

16

17

18

19

20

21

22

23

24

25

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399