## FIREWEED'S RELEASE

This Release is given this _____ day of _____, 2008, by Fireweed Communications Corporation in favor of Warner Bros. Television Distribution, Inc. in consideration of, and as a condition to, that certain Settlement Agreement dated as of January 1, 2008 (the "Settlement Agreement"), between Fireweed Communications Corporation and Warner Bros. Television Distribution, Inc.

Fireweed Communications Corporation, on behalf of itself and its officers, directors, agents, shareholders, owners, members, employees, trustees, administrators, sureties, insurers, attorneys, parent and subsidiary and affiliated corporations, successors and predecessors in interest, assigns and receivers, and each of them, past, present and future (severally and collectively, "Fireweed") hereby releases and fully discharges Warner Bros. Television Distribution, Inc. and its officers, directors, agents, shareholders, owners, members, employees, trustees, administrators, sureties, insurers, attorneys, parent and subsidiary and affiliated corporations (including without limitation WB 100+ Station Group Inc. and WeB Broadcasters, Inc.), successors and predecessors in interest, assigns and receivers, and each of them, past, present and future (severally and collectively, "Warner"), from every claim, demand, liability, action and cause of action whatsoever, of every kind and nature, whether arising out of contract, tort, statute or otherwise, in law or in equity, including all claims for compensatory, special, liquidated and punitive damages, penalties, costs, expenses and attorneys' fees, and other types of loss or losses, whether presently known or unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, arising or alleged to have arisen out of, or relating to, (a) any of the facts which are the subject of the lawsuit entitled <u>Warner Bros. Domestic Television Distribution v. Fireweed Communications Corporation</u>, Case No. 3:06-cv-00074-TMB, pending before the United States District Court for the District of Alaska (the "Action"), including without limitation any claims which were or could have been brought by Fireweed against Warner in the Action, or (b) the Syndication License Agreement (Friends), Contract No. FI 00160, dated May 25, 2000; (c) the Syndication License Agreement (The Drew Carey Show), Contract No. DC 00138, dated May 25, 2000); and/or (d) the Syndication License Agreement (Friends 2nd Cycle), Contract No. S2 000058, dated May 20, 2002. This Release does not extend to any obligations of either party under the Settlement Agreement.

Fireweed warrants that it has not assigned or transferred any claim or part or portion of any claim released herein. Fireweed further warrants that if such assignment or transfer has occurred, it will indemnify and hold Warner harmless from and against any claims based on or arising out of any such assignment or transfer purported or claimed. This obligation to indemnify and hold harmless shall include the obligation to pay reasonable attorneys' fees and costs actually incurred, whether or not litigation has been commenced.

The intention of Fireweed being to fully, completely and forever settle, compromise, release and discharge all claims released herein, Fireweed warrants that it will not by itself or in concert with others, maintain or cause to be maintained any demands, actions, lawsuits, arbitrations, or any other proceedings against Warner in any capacity whatsoever as a result of or pertaining to the claims released and discharged herein.

Fireweed acknowledges that neither Warner nor any agent or attorney of Warner has made any promises, representations or warranties whatsoever, express or implied, not contained herein, concerning the subject matter hereto, to induce Fireweed to execute this Release, and acknowledges that it has not executed this Release in reliance upon any promises, representations, or warranties not contained herein. Fireweed further acknowledges that it has had a full and complete opportunity to independently investigate all facts material hereto, and has done so.

It is understood that the nature and extent of any potential damages and injuries which may have been sustained by Fireweed may substantially change or worsen and that new damages may be discovered in the future. It is nevertheless Fireweed's intent to unequivocally release and forever discharge Warner from any and all claims accrued, accruing, or which may accrue in the future as a result of, in connection with, or related to any changes in the nature and extent of said damages or injuries or as a result of the discovery of new damages or injuries. With respect to the foregoing, Fireweed acknowledges its familiarity with the decision in the case of Witt v. Watkins, 579 P.2d 1065 (Alaska 1978), and it is still Fireweed's intent to release Warner from any and all claims accrued, accruing, or which may accrue in the future.

Fireweed acknowledges its familiarity with the decisions in the cases of Young v. State, 455 P.2d 889 (Alaska 1969) and Totem Marine T. & B. v. Alyeska Pipeline, 584 P.2d 15 (Alaska 1978), and any protections of the holdings therein relevant to the present case are hereby waived. Fireweed states that it is its true intent and desire to fully release all the individuals, firms or corporations who may in any way have been connected with any claims released herein as fully as though they were specifically listed and named herein. Fireweed specifically represents that Fireweed understands that it is not required or compelled to agree to the terms of this Release, and acknowledges the availability of other reasonable alternatives and adequate remedies, but has nonetheless freely, voluntarily and intelligently chosen not to pursue the same for the purposes of making a full, final and complete compromise of the claims released herein.

Fireweed declares that it understands the full nature, extent, and import of Section 1542 of the California Civil Code and of this Release, and has sought and obtained the advice of counsel with respect to that statute and this Release. Accordingly, with respect to the released matters, Fireweed hereby waives and relinquishes any and all rights or benefits that it may have under the provisions of Section 1542 of the California Civil Code, which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in its favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

This Release is designed strictly for the purpose of compromising a disputed claim and avoiding the expenses and risks of litigation. It is not, nor shall it be construed or characterized as, an admission by Fireweed of liability or wrongdoing.

FIREWEED'S RELEASE - 2
DWT 3157577v2 0040529-000005

EXHIBIT D
2 of 6

    The interpretation and enforcement of this Release shall be governed by the laws of the State of Alaska. Fireweed acknowledges that it has had ample opportunity to consult with its attorneys concerning this Release, and agrees that this Release shall be construed according to the fair intent of the language as a whole, and not for or against any of the parties.

FIREWEED COMMUNICATIONS CORPORATION

By:_____

Its:_____

## WARNER'S RELEASE

This Release is given this _____ day of _____, 2008, by Warner Bros. Television Distribution, Inc. in favor of Fireweed Communications Corporation in consideration of, and as a condition to, that certain Settlement Agreement dated as of January 1, 2008 (the "Settlement Agreement"), between Fireweed Communications Corporation and Warner Bros. Television Distribution, Inc.

Warner Bros. Television Distribution, Inc., on behalf of itself and its officers, directors, agents, shareholders, owners, members, employees, trustees, administrators, sureties, insurers, attorneys, successors and predecessors in interest, assigns and receivers, and each of them, past, present and future (severally and collectively, "Warner") hereby releases and fully discharges Fireweed Communications Corporation and its officers, directors, agents, shareholders, owners, members, employees, trustees, administrators, sureties, insurers, attorneys, successors and predecessors in interest, assigns and receivers, and each of them, past, present and future (severally and collectively, "Fireweed"), from every claim, demand, liability, action and cause of action whatsoever, of every kind and nature, whether arising out of contract, tort, statute or otherwise, in law or in equity, including all claims for compensatory, special, liquidated and punitive damages, penalties, costs, expenses and attorneys' fees, and other types of loss or losses, whether presently known or unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, arising or alleged to have arisen out of, or relating to, (a) any of the facts which are the subject of the lawsuit entitled <u>Warner Bros. Domestic Television Distribution v. Fireweed Communications Corporation,</u> Case No. 3:06-cv-00074-TMB, pending before the United States District Court for the District of Alaska (the "Action"), including without limitation any claims which were or could have been brought by Warner against Fireweed in the Action, or (b) the Syndication License Agreement (Friends), Contract No. FI 00160, dated May 25, 2000; (c) the Syndication License Agreement (The Drew Carey Show), Contract No. DC 00138, dated May 25, 2000); and/or (d) the Syndication License Agreement (Friends 2nd Cycle), Contract No. S2 000058, dated May 20, 2002. This Release does not extend to any obligations of either party under the Settlement Agreement.

Warner warrants that it has not assigned or transferred any claim or part or portion of any claim released herein. Warner further warrants that if such assignment or transfer has occurred, it will indemnify and hold Fireweed harmless from and against any claims based on or arising out of any such assignment or transfer purported or claimed. This obligation to indemnify and hold harmless shall include the obligation to pay reasonable attorneys' fees and costs actually incurred, whether or not litigation has been commenced.

The intention of Warner being to fully, completely and forever settle, compromise, release and discharge all claims released herein, Warner warrants that it will not by itself or in concert with others, maintain or cause to be maintained any demands, actions, lawsuits, arbitrations, or any other proceedings against Fireweed in any capacity whatsoever as a result of or pertaining to the claims released and discharged herein.

Warner acknowledges that neither Fireweed nor any agent or attorney of Fireweed has made any promises, representations or warranties whatsoever, express or implied, not contained herein, concerning the subject matter hereto, to induce Warner to execute this Release, and acknowledges that it has not executed this Release in reliance upon any promises, representations, or warranties not contained herein. Warner further acknowledges that it has had a full and complete opportunity to independently investigate all facts material hereto, and has done so.

It is understood that the nature and extent of any potential damages and injuries which may have been sustained by Warner may substantially change or worsen and that new damages may be discovered in the future. It is nevertheless Warner's intent to unequivocally release and forever discharge Fireweed from any and all claims accrued, accruing, or which may accrue in the future as a result of, in connection with, or related to any changes in the nature and extent of said damages or injuries or as a result of the discovery of new damages or injuries. With respect to the foregoing, Warner acknowledges its familiarity with the decision in the case of Witt v. Watkins, 579 P.2d 1065 (Alaska 1978), and it is still Warner's intent to release Fireweed from any and all claims accrued, accruing, or which may accrue in the future.

Warner acknowledges its familiarity with the decisions in the cases of Young v. State, 455 P.2d 889 (Alaska 1969) and Totem Marine T. & B. v. Alyeska Pipeline, 584 P.2d 15 (Alaska 1978), and any protections of the holdings therein relevant to the present case are hereby waived. Warner states that it is its true intent and desire to fully release all the individuals, firms or corporations who may in any way have been connected with any claims released herein as fully as though they were specifically listed and named herein. Warner specifically represents that Warner understands that it is not required or compelled to agree to the terms of this Release, and acknowledges the availability of other reasonable alternatives and adequate remedies, but has nonetheless freely, voluntarily and intelligently chosen not to pursue the same for the purposes of making a full, final and complete compromise of the claims released herein.

Warner declares that it understands the full nature, extent, and import of Section 1542 of the California Civil Code and of this Release, and has sought and obtained the advice of counsel with respect to that statute and this Release. Accordingly, with respect to the released matters, Warner hereby waives and relinquishes any and all rights or benefits that it may have under the provisions of Section 1542 of the California Civil Code, which reads as follows:

> "A general release does not extend to claims which the creditor does not
> know or suspect to exist in its favor at the time of executing the release,
> which if known by him must have materially affected his settlement with
> the debtor."

This Release is designed strictly for the purpose of compromising a disputed claim and avoiding the expenses and risks of litigation. It is not, nor shall it be construed or characterized as, an admission by Warner of liability or wrongdoing.

      The interpretation and enforcement of this Release shall be governed by the laws of the State of Alaska. Warner acknowledges that it has had ample opportunity to consult with its

attorneys concerning this Release, and agrees that this Release shall be construed according to the fair intent of the language as a whole, and not for or against any of the parties.

WARNER BROS. TELEVISION DISTRIBUTION, INC.


By:_____

Its:_____