# HARTIG RHODES HOGE & LEKISCH, P.C.

ROBERT L. HARTIG (1928-1980)
JAMES D. RHODES (RETIRED)
G. KENT EDWARDS (RETIRED)

ROBERT C. BRINK
SEAN HALLORAN
ANDREW E. HOGE
CHRISTINE FOOTE HYATT
MICHAEL JUNGREIS
PETER A. LEKISCH

ATTORNEYS AT LAW

www.hartig.law.pro
717 K STREET
ANCHORAGE, ALASKA 99501-3397
TELEPHONE (907) 276-1592
FACSIMILE (907) 277-4352

CHRISTINA M. PASSARD
DOUGLAS C. PERKINS
MARGARET J. RAWITZ
CATHERINE M. ROGERS
TODD J. TIMMERMANS
JIM C. WILKSON

June 6, 2008

RECEIVED
FOR _____

JUN 0 9 2008

DAVIS WRIGHT TREMAINE

Joseph L. Reece
Davis Wright Tremaine, LLP
701 W. 8th Ave. Suite 800
Anchorage, AK 99501

   Re:  WARNER BROS. V. FIREWEED COMMUNICATIONS
      U.S. District Court Case No. Case No. 3:06-00074-TMB
   File No. 100591.1

Dear Joe:

  I apologize for the delay in reviewing your draft settlement documents in the *Warner Bros v. Fireweed Communications Corp.* litigation. I do have a few comments regarding the draft documents, which I've outlined below:

1.  Warner Brothers proposes to take a security interest "to the fullest extent allowed by law in any and all" FCC licenses held by Fireweed. Fireweed cannot accept this settlement term. I have serious concerns as to whether Fireweed, or any other FCC licensee, has proprietary rights in an FCC license sufficient to qualify as securitized collateral. In any event, Fireweed does not "own" the FCC license so cannot assent to paragraph 1 of the Settlement Agreement which represents that "Debtor owns the Collateral, and it is free and clear of all security interests and encumbrances of every nature."

2.  Fireweed has no specific objection to Warner Brothers' proposal to take a security interest in Fireweed's existing satellite agreement. But Fireweed does point out that this satellite equipment is dated, cobbled together, and has no identifiable model or serial number. I will be happy to provide you with pictures of this equipment, if you would like.

Joseph L. Reece
June 6, 2008
Page 2

3. Paragraph 15 of the Settlement Agreement states that "Debtor represents and covenants that it has not done and that after the date hereof it will not do, business under any names other than the name specified herein." While Fireweed does not object to the general tenor of paragraph 15, it should be noted that in addition to Fireweed Communications Inc., an Alaska corporation, another separate entity – Fireweed Communications LLC – a Nevada company, was formed in 2005.

Sincerely,

HARTIG RHODES HOGE & LEKISCH, P.C.

By: Michael Jungreis

cc: Jeremy Lansman
Enc

EXHIBIT H
2 of 2