Joseph L. Reece
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, Alaska 99501
Telephone: (907) 257-5300
Facsimile: (907) 257-5399

Attorneys for Plaintiff
Warner Bros. Domestic Television Distribution

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| WARNER BROS. DOMESTIC TELEVISION DISTRIBUTION, A division of WARNER BROS. TELEVISION DISTRIBUTION INC., a Delaware Corporation,<br><br>              Plaintiff,<br><br>vs.<br><br>FIREWEED COMMUNICATIONS CORPORATION, an Alaska Corporation,<br><br>              Defendants. | Case No. 3:06-cv-00074-TMB<br><br>MOTION TO AMEND COMPLAINT |

COMES NOW Warner Bros. Domestic Television Distribution ("Warner Bros."), by and through its attorneys, Davis Wright Tremaine LLP, and moves the court to grant Warner Bros.' motion to amend its complaint against defendant Fireweed Communications Corporation ("Fireweed") to add parties and claims necessary to

enforce the settlement agreement reached on September 27, 2007, during a mediation presided over by Judge Herbert Ross.

A copy of the proposed Amended Complaint is attached as Exhibit 1, and a red-line comparison between the original Complaint and the proposed Amended Complaint is attached as Exhibit 2

### I.   FACTUAL BACKGROUND

On September 27, 2007, Warner Bros. and Fireweed participated in an all day mediation with Judge Herbert Ross.  At close of the mediation, the parties and their counsel went on the record to document their settlement agreement.  An official transcript of the settlement agreement was prepared.  A copy of the transcript is attached as Exhibit 3.  All parties agreed to the terms of the settlement.  *Transcript of Settlement Agreement* at 10.  The terms of the agreement included provisions for a $510,000 note to be secured by personal property including intangibles, and specifically including the station's FCC license.  *Id*. at 4-5.  The two sole shareholders of Defendant Fireweed, Jeremy D. Lansman and Carol Schatz, participated in the mediation and were present when the terms of the settlement were put on the record.  *See* Exhibit 3.

In the course of documenting the settlement, it came to light that Defendant Fireweed Communications Corporation did not own the FCC license which it had promised as security for its performance of the settlement obligations.  The license is owned by a Nevada limited liability company, Fireweed Communications, LLC.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399

Motion to Amend Complaint - 2
*Warner Bros. v. Fireweed,* Case No. 3:06-cv-00074-TMB
DWT 11774558v1 0040529-000005

Fireweed Communications LLC is wholly owned by the two shareholders of the Defendant, Jeremy D. Lansman and Carol Schatz. A copy of the Application for Registration as a Foreign Limited Liability Company in Alaska, dated April 3, 2008, taken from the Alaska Department of Commerce website, is attached as Exhibit 4. The Application for Registration shows the percentage interests of the two sole members, Lansman and Schatz.

Warner Bros. provided documents to Fireweed Communications Corporation in accordance with the terms of the settlement reached at mediation. These documents included a promissory note, a security agreement, and a confession of judgment. After the issues regarding ownership of the license came to light, Warner Bros. supplemented the settlement documents with a security agreement for execution by Fireweed Communications LLC, granting a security interest in the FCC license to secure the promissory note. Fireweed eventually signed the original set of settlement documents, but has refused to provide an executed copy of the Fireweed Communications LLC security agreement.

At a status conference with the Court on August 12, 2008, counsel for Fireweed acknowledged that the FCC license had been promised as security for the promissory note, and agreed to work with his clients to obtain signatures on the second security agreement. Despite the passage of five weeks, and despite numerous telephone calls

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

inquiring about the status of the document, Fireweed has not provided a signed security agreement.

## II. LAW AND ANALYSIS

Warner Bros. may amend its complaint with leave of court, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). A court generally considers four factors in determining whether to grant leave to amend a pleading: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. United States v. Pend Oreille P.U.D., 926 F.2d 1502, 1511 (9th Cir. 1991). "Delay alone does not provide sufficient grounds for denying leave to amend . . . [t]he crucial factor is not the length of delay, but prejudice." Id. Where no prejudice is shown by the party opposing the amending of a complaint, and the amended complaint is not frivolous or made in bad faith, it is an abuse of discretion to deny leave to amend. Id.

Here, none of these factors militates against granting leave to Warner Bros. to amend the Complaint. In fact, as noted below, each of the factors supports granting leave to amend.

**A. Defendants will not be prejudiced by plaintiff filing the Amended Complaint.**

Fireweed has not, and cannot, argue that it will be prejudiced by the amendments proposed by Warner Bros. The amendment is designed solely to effectuate the settlement

to which Fireweed agreed in the previous mediation.  Finalizing the settlement, far from prejudicing the Fireweed, will save it the considerable expense of restarting and litigating a complicated antitrust case.

Furthermore, Fireweed offered the FCC license as security for its obligations under the settlement agreement, and can hardly object that it will be prejudiced by an effort to properly secure this collateral.  The only prejudice this motion will bring is to hamper the games which Jeremy D. Lansman and Carol Schatz appear to be playing with ownership of the license, by requiring them to honor their promises made at the mediation.

**B.     The amendments proposed by plaintiff are not futile.**

Far from being futile, amending the complaint to add the two individuals and the LLC are the most direct and effective way to consummate the settlement agreed to by Fireweed and permit this case to be dismissed.  The individual defendants need to be added because they were the persons present at the mediation who endorsed to the commitment to give the FCC license as security for Fireweed's obligations under the terms of the settlement.  Furthermore, the individual defendants are the sole members of Fireweed Communications LLC which owns the license.  Therefore, they have the power to execute the security agreement on behalf of Fireweed Communications LLC, and resolve the entire matter.

Motion to Amend Complaint - 5
*Warner Bros. v. Fireweed,* Case No. 3:06-cv-00074-TMB
DWT 11774558v1 0040529-000005

Fireweed Communications LLC needs to be added because it is the owner of the license which Fireweed offered as security. Warner Bros. wishes to add the LLC as a separate legal entity, to ensure that Warner Bros. receives the benefit of all the promised collateral. The FCC license is the most valuable piece of collateral promised by Fireweed, and it is obviously the one piece of collateral which the individual defendants and Fireweed Communications LLC are attempting to hide.

**C.     Plaintiff did not unduly delay in making the proposed amendments.**

Warner Bros. has made extraordinary efforts to conclude the settlement, by repeatedly communicating with counsel for Fireweed, preparing all the settlement documents, and modifying the settlement documents when it became aware that Fireweed did not own the FCC license that it had promised as security. All these efforts have resulted in a delay of a number of months, but this delay has not prejudiced Fireweed. In fact, Fireweed has cynically used delay and a refusal to respond to buy itself a number of months in which it could operate without starting to make the payments under the settlement, or fulfilling its other obligations.

It is also important to remember that the need for this motion to amend the complaint and add parties is result of Fireweed's failure to disclose that another entity owned the collateral (FCC license) which it promised as security for its obligations under the settlement agreement. The need for the motion is also the result of the apparent

Motion to Amend Complaint - 6
*Warner Bros. v. Fireweed,* Case No. 3:06-cv-00074-TMB
DWT 11774558v1 0040529-000005

refusal of Fireweed's principals to cure this failure, which they could have done by taking the simple step of executing the security agreement for the FCC license, which would have honored their promise made at the mediation.

### III.   CONCLUSION

For these reasons, Warner Bros. requests that the deadlines in this court's Scheduling in Planning Order dated August 20, 2007, be extended to permit the filing of this motion at the present time.  Warner Bros. further requests that the Court recognize the need delay in filing this motion has been the result of Warner Bros.' good faith efforts to resolve the matter without taking the extraordinary step of amending the complaint, and that Warner Bros. did not unduly delay in making the proposed amendment.

Based on the foregoing, Warner Bros. respectfully requests that the Court grant its motion and allow it to file the proposed Amended Complaint.

Dated this 18th day of September, 2008.

> s/   Joseph L. Reece
> DAVIS WRIGHT TREMAINE LLP
> 701 West 8th Avenue, Suite 800
> Anchorage, AK 99501
> Telephone:  (907) 257-5300
> Facsimile:  (907) 257-5399
> E-mail:  josephreece@dwt.com

Motion to Amend Complaint - 7
*Warner Bros. v. Fireweed,* Case No. 3:06-cv-00074-TMB
DWT 11774558v1 0040529-000005

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399

Certificate of Service

The undersigned certifies that on September 18, 2008, a true and correct copy of the foregoing Status Report was served Electronically on the following attorneys or parties of record:

- Michael Jungreis

       s/ Joseph L. Reece
By:   s/   Joseph L. Reece

Motion to Amend Complaint - 8
*Warner Bros. v. Fireweed,* Case No. 3:06-cv-00074-TMB
DWT 11774558v1 0040529-000005

Exhibit 1 – First Amended Complaint

Exhibit 2 – Redline Version of First Amended Complaint

Exhibit 3 - Transcript of Settlement Agreement

Exhibit 4 - Application for Registration as a Foreign Limited Liability Company