Joseph L. Reece
~~Eric J. Jenkins~~
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, Alaska 99501
Telephone: (907) 257-5300
Facsimile: (907) 257-5399

Attorneys for Plaintiff
Warner Bros. Domestic Television Distribution

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| WARNER BROS. DOMESTIC TELEVISION DISTRIBUTION, A division of WARNER BROS. TELEVISION DISTRIBUTION INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FIREWEED COMMUNICATIONS CORPORATION, an Alaska Corporation, JEREMY D. LANSMAN, CAROL SCHATZ, and FIREWEED COMMUNICATIONS, LLC<br><br>Defendants. | ) | Case No. 3:06-cv-<br><br>FIRST AMENDED COMPLAINT FOR: BREACH OF CONTRACT, FRAUD, AND DECLARATORY JUDGMENT |

For its Complaint against Defendants, Plaintiff Warner Bros. Domestic Television Distribution, a division of Warner Bros. Television Distribution Inc., ("Warner") alleges as follows:

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

## PARTIES

1. Plaintiff Warner is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Burbank, California. Warner is the successor-in-interest to Warner Bros. Domestic Television Distribution, a division of Time Warner Entertainment Company, L.P. (Warner and its predecessor-in-interest are hereby referred to collectively as "Plaintiff" or "Warner").

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant Fireweed Communications Corporation ("Fireweed") is a corporation organized and existing under the laws of the State of Alaska, with its principal place of business in Anchorage, Alaska.

3. Jeremy D. Lansman ("Lansman") and Carol Schatz ("Schatz"), residents of Anchorage, Alaska, are the sole shareholders of Fireweed, and the sole members of defendant Fireweed Communications, LLC.

## JURISDICTION AND VENUE

~~3.~~4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1332. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper pursuant ~~of~~ to 28 U.S.C. §1391(a) because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

district, ~~and~~ because the contracts at issue ~~was~~ were entered into in this judicial district, and because the fraudulent acts were performed in this judicial district.

.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

~~5.~~6. For many years, Plaintiff and its predecessors have been among the world's largest and most well-known distributors of, among other things, syndicated television programming and motion pictures for broadcast on television.

~~6.~~7. Defendant owns and operates a local television station in the Anchorage, Alaska area known as KYES-TV.

~~7.~~8. On or about May 25, 2000, Defendant entered into a Syndication License Agreement with Plaintiff whereby Defendant was granted a license to broadcast on Defendant's station all episodes of the television series "Drew Carey" produced for network television (the "Drew Carey Agreement").

~~8.~~9. On or about May 25, 2000, Defendant entered into a Syndication License Agreement with Plaintiff whereby Defendant was granted a license to broadcast on Defendant's station all episodes of the television series "Friends" produced for network television (the "Friends Agreement").

~~9.~~10. On or about May 20, 2002, Defendant entered into a Syndication License Agreement with Plaintiff whereby Defendant was granted a license to broadcast on Defendant's station all episodes of the television series "Friends" (2nd Cycle) for six

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

consecutive years, plus two extended terms of 39 weeks each, following the end of the first syndication cycle of the series (the "Friends 2nd Cycle Agreement," and together with the Drew Carey Agreement and the Friends Agreement, the "License Agreements.").

~~10.~~11. Each of the License Agreements includes an acceleration provision permitting Plaintiff to terminate the agreement and declare the total license fee under the agreement immediately due and payable in the event of default of Defendant's obligations. Each of the License Agreements also provides that a default by Defendant under any of the License Agreements shall constitute a default under all other License Agreements between Plaintiff and Defendant.

~~11.~~12. Although Plaintiff fully performed under the License Agreements by delivering all of the programming licensed thereunder to Defendant for broadcast, Defendant failed to comply with the payment terms of the License Agreements. Defendant breached the License Agreements by, among other things, failing to make timely payments.

~~12.~~13. Defendant still owes at least $211,187.12, plus accrued interest, to Plaintiff under the Drew Carey Agreement.

~~13.~~14. On January 13, 2006, Plaintiff suspended delivery of episodes under the Friends Agreement, terminated the Friends 2nd Cycle Agreement, and exercised its right to declare the amounts owed under the Friends Agreement and the Friends 2nd Cycle

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

Agreement immediately due and payable. After the acceleration, Defendant owes Plaintiff the amount of $243,815.00 under the Friends Agreement and $663,000.00 under the Friends 2nd Cycle Agreement, plus accrued interest. Plaintiff has been able to mitigate its damages under the Friends 2nd Cycle Agreement by reselling the Friends 2nd Cycle broadcast rights for the sum of $39,000, thus reducing the amount Defendant owes for its breach of that agreement to $624,000.00

~~14.~~15. Plaintiff has performed all of the obligations imposed upon it by the License Agreements except for those obligations excused or rendered impossible by Defendant's breaches.

~~15.~~16. Plaintiff has suffered actual and consequential damages as a direct and proximate result of Defendant's breaches of the License Agreements in a sum to be proved at trial, but in any event, not less than $1,079,002.12 plus interest.

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

17. Plaintiff repeats and realleges paragraphs 1 through 16 as if the same were fully set forth herein.

18. On September 27, 2007, Warner Bros. and Fireweed participated in an all day mediation with Judge Herbert Ross, seeking to settle the claims raised in the First Cause of Action above.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

19. Lansman and Schatz participated in the mediation, and were present for the entire mediation.

20. The parties reached agreement on a settlement of the claims at the mediation. At close of the mediation, the parties and their counsel went on the record to document their settlement agreement.

21. Fireweed did not have the financial ability to pay the amount agreed for settlement of the claims, and therefore agreed to execute a note in the amount of $510,000 (the "Promissory Note").

22. Lansman and Schatz agreed to give Warner, as security for the Promissory Note, a security interest in KYES' FCC license, and in other personal property.

23. Fireweed Communications, LLC, owns the FCC license under which KYES operates (the "FCC License").

24. Lansman and Schatz, as sole members of Fireweed Communications, LLC, were acting on behalf of Fireweed Communications, LLC, the owner of the FCC license, when they agreed to give Warner a security interest in the FCC license.

25. When Warner became aware of Fireweed Communication, LLC's ownership of the FCC license, it prepared a separate security agreement for excecution by Fireweed Communications, LLC.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

26. Despite numerous efforts by counsel for Warner to obtain Firweed Communications, LLC's signature on the security agreement, none of the defendants has delivered the document or responded to the requests that it sign the security agreement.

27. Plaintiff has been damaged by the refusal of defendants Lansman, Schatz and Fireweed Communications, LLC to sign the security agreement, by being deprived of the most valuable piece of collateral securing the settlement obligations.

28. Plaintiff has been further damaged by the refusal to sign the security agreement because the delay in consummating the settlement and dismissing the litigation has caused it further financial losses.

**SECOND CAUSE OF ACTION**
**(Fraud)**

29. Plaintiff repeats and realleges paragraphs 1 through 28 as if the same were fully set forth herein.

30. At the mediation with Judge Ross, Fireweed agreed to give Warner, as security for the Promissory Note, a security interest in KYES' FCC license, and in other personal property.

31. Lansman and Schatz deliberately withheld the information that a separate entity held the FCC license which they promised as security for the Promissory Note.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

32. Lansman and Schatz withheld the information regarding ownership of the FCC license with the intent of defrauding Warner by inducing it to agree to a settlement of its claims against Fireweed in reliance upon security which Fireweed did not own.

33. Plaintiff has been damaged by the fraudulent conduct of defendants Lansman and Schatz, by being deprived of the most valuable piece of collateral securing the settlement obligations, and because the delay in consummating the settlement and dismissing the litigation has caused it further financial losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby prays that judgment be awarded in its favor and against Defendant as follows:

1. For actual and consequential damages plus interest in an amount to be proved at trial;

2. Declaring that the settlement agreement reached by the parties and put on record on September 27, 2007, is effective as a contract binding the parties to the agreement;

3. Declaring that the Promissory Note to which Warner and Fireweed agreed as part of the settlement is secured by a security interest in the FCC license held by defendant Fireweed Communications, LLC.

~~2.~~4. For attorney's fees and costs of suit; and

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

3.5. For such other and further relief as the Court deems appropriate and just.

Dated this 30th ________ day of March _______, 20068.

s/______________________________

DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
Telephone: (907) 257-5300
Facsimile: (907) 257-5399
E-mail: ericjenkinsjosephreece@dwt.com

Certificate of Service

The undersigned certifies that on ___________, 2006, a true and correct copy of the foregoing __________ was served electronically on the folbwing attorneys or parties of record by:

________

By: s/______________________________

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399